UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARLOS MENDOZA ESQUIVEL,

                   Petitioner,

    v.

PAMELA BONDI,

                  Respondents.

CASE NO. 2:25-cv-02745-DGE

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS
(DKT. NO. 12.)

This matter comes before the Court on Petitioner Carlos Mendoza Esquivel's[1] petition for writ of habeas corpus. (Dkt. No. 12.) Having reviewed the petition, the return memorandum (Dkt. No. 16), the traverse (Dkt. No. 19), and all supporting documents, the Court DENIES Petitioner's writ of habeas corpus.

---

[1] The petition for writ of habeas corpus identifies Petitioner as "Carlos Mendoza Esquivel" (Dkt. No. 1) while the amended petition and traverse identify Petitioner as "Carlos Esquivel-Mendoza" (Dkt. No. 12). Because the Court is unclear as to which representation is correct, it will follow the original petition for writ of habeas corpus. No disrespect is intended.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 12.) - 1

# I    BACKGROUND

## A. Factual Background

On July 25, 2014, Petitioner, a citizen and native of Mexico, presented at the San Ysidro port of entry, requested asylum, and was taken into custody pending a credible fear interview with United States Citizenship and Immigration Services ("USCIS").  (Dkt. Nos. 12 at 6–7; 13-2 at 17; 17 at 2.)  The Department of Homeland Security ("DHS") issued Petitioner a Notice and Order of Expedited Removal, charging Petitioner as removable pursuant to 8 U.S.C. § 1182(7)(A)(i)(1).[2]  (Dkt. No. 18-3 at 2.)  On August 13, 2014, USCIS returned a positive credible fear finding and Enforcement and Removal Operations ("ERO") issued Petitioner a Notice to Appear.[3]  (Dkt. No. 17 at 2.)

On February 12, 2015, Petitioner was released on bond.  (*Id.* at 3.)  On June 23, 2016, Immigration and Customs Enforcement ("ICE") re-arrested Petitioner and transported him to the Northwest ICE Processing Center ("NWIPC") "after ERO discovered Petitioner had warrants for his arrest in Mexico."  (*Id.*)  On July 21, 2017, an immigration judge denied asylum, denied withholding of removal, and ordered Petitioner removed to Mexico, which Petitioner appealed.  (*Id.*; Dkt. No. 13-2 at 21.)

On February 9, 2018, Petitioner was again released on bond.  (Dkt. Nos. 13-2 at 15; 17 at 3.)  On February 20, 2018, the Board of Immigration Appeals ("BIA") remanded Petitioner's case to an immigration judge for the limited purpose of addressing Petitioner's competency.  (Dkt. No. 17 at 3.)  On March 28, 2018, the immigration judge conducted a competency hearing

---

[2] The Notice to Appear identifies Immigration and Nationality Act § 212(a)(7)(A)(i)(l), which is codified at 8 U.S.C. § 1182(a)(7)(A)(i)(l).

[3] The Notice to Appear charged Petitioner as an arriving noncitizen removable pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(1).  (Dkt. Nos. 17 at 2; 13-2 at 8.)

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 12.) - 2

and found that although Petitioner was not competent on that date, Petitioner had been competent at the time of his 2017 merits hearing.  (*Id.*; Dkt. No. 13-2 at 19.)  The immigration judge again ordered Petitioner removed to Mexico.  (Dkt. Nos. 17 at 3; 13-2 at 19.)

On April 26, 2018, Petitioner filed an appeal with the BIA.  (Dkt. No. 18-4 at 4.)  On November 19, 2020, the BIA dismissed Petitioner's appeal.  (Dkt. Nos. 17 at 4; 12 at 8.)  On December 3, 2020, Petitioner filed a petition for review with the Ninth Circuit.  (Dkt. No. 17 at 4.)  While the Ninth Circuit initially dismissed the petition for review, on May 20, 2025, the Ninth Circuit re-instated the petition for review.  (*Id.*)

On August 13, 2025, during a routine check-in, ICE arrested Petitioner, and subsequently transported him to the NWIPC, where he remains today.  (*Id.*; Dkt. No. 12 at 8.)  On the same day, Petitioner filed a motion to stay removal in the Ninth Circuit, and a stay went into effect pursuant to the Ninth Circuit's General Order 6.4(c).[4]  (Dkt. No. 17 at 4.)  On February 13, 2026, the Ninth Circuit denied Petitioner's petition for review.  *Mendoza Esquivel v. Bondi*, No. 20-73521, 2026 WL 412940 (9th Cir. Feb. 13, 2026).  Petitioner's temporary stay of removal remains in place until the mandate issues.  *Id.* at *2 n.2.  According to ICE Deportation Officer Adrian Leyba, "[o]nce the mandate issues, ICE intends to remove Petitioner to Mexico.  Given Mexico's cooperation with the United States, ICE believes it will be able to obtain a travel document expeditiously."  (Dkt. No. 17 at 1, 5.)

**B.  Procedural Background**

On December 12, 2025, Petitioner filed an "Emergency Motion for Interim Release or, In the Alternative, For Transfer to the United States District Court for the Western District of

---

[4] The Ninth Circuit General Order 6.4(c)(1) states, "Upon the filing of an initial motion or request for stay of removal or deportation, the order of removal or deportation is temporarily stayed until further order of the Court."

Washington" in the Ninth Circuit.  (Dkt. No. 1 at 1, 22.)  The Ninth Circuit construed Petitioner's filing as a petition for habeas corpus under 28 U.S.C. § 2241 and transferred the matter to this Court.  (Dkt. No. 1-1.)  On December 31, 2025, the Court ordered Petitioner to show cause why his petition should not be dismissed for failure to serve the proper respondent(s), or in the alternative, file an amended petition that named the proper respondent(s).  (Dkt. No. 5.)  On January 21, 2026, after receiving no response to its prior order, the Court dismissed the petition.  (Dkt. No. 9.)  On January 26, 2026, Petitioner filed a motion for relief from dismissal and for leave to file amended petition, which the Court granted.  (Dkt. Nos. 10, 11.)

On February 2, 2026, Petitioner filed an amended petition for writ of habeas corpus.  (Dkt. No. 12.)  Respondents filed a return memorandum on February 23, 2026.  (Dkt. No. 16.)  Petitioner filed a traverse on March 2, 2026.  (Dkt. No. 19.)

## II    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2).  To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States."  *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241).  Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'"  *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).

### III    ANALYSIS

To determine whether Petitioner's detention is authorized, the Court first looks to the statutory provision to confer authority for his detention. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). Petitioner contends his detention is governed by 8 U.S.C. § 1231. (*See* Dkt. Nos. 12 at 10; 19 at 2.)

When a noncitizen is ordered removed, the government is directed to remove the noncitizen "from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)A. The removal period begins on the *latest* of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the noncitizen, the date of the court's final order; or (iii) if the noncitizen is detained or confined (except under an immigration process), the date the noncitizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(A)–(B); *see Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021) (an order of removal becomes "administratively final" within the meaning of 8 U.S.C. § 1231(a)(1)(B)(i) when "the agency's review proceedings" are complete). "During the removal period, the Attorney General shall detain the [noncitizen]." 8 U.S.C. § 1231(a)(2)(A). Thus, "[o]nce the removal period . . . begins, [the noncitizen] will be taken into custody pursuant to [a] warrant of removal." 8 C.F.R. § 241.3(a).

Here, the BIA dismissed Petitioner's appeal on November 19, 2020. (Dkt. Nos. 17 at 4; 12 at 8.) Thus, on August 13, 2025, when ICE arrested and detained Petitioner, there was an administratively final order of removal allowing the government to detain Petitioner and effectuate removal. Petitioner does not identify why this initial arrest was unlawful or in violation of the government's statutory authority.

However, also on August 13, 2025, Petitioner filed a motion to stay removal, causing a temporary stay of removal to go into effect.  (Dkt. No. 17 at 4.)  § 1231 "makes clear that when a court of appeals issues a stay of removal pending its decision on an alien's petition for review of his removal order, the removal period begins only after the court denies the petition and withdraws the stay of removal." *Prieto-Romero*, 534 F.3d at 1059.  "[T]he plain language of § 1231(a) provides no authority to detain aliens . . . whose removal order is *administratively—* but not judicially—final." *Id*. at 1060.  Because the temporary stay of removal remains in place until the Ninth Circuit's mandate issues, Petitioner is not within the removal period and thus his current detention is not governed by § 1231(a).[5,6]

Respondents assert Petitioner remains subject to detention pursuant to 8 U.S.C. 1225(b) because he was an arriving noncitizen when he applied for admission in 2014.  (Dkt. No. 16 at 5–7.)  In both his petition and traverse, Petitioner argues only that Petitioner is unlawfully detained pursuant to § 1231 and fails to offer any other basis that would allow for his release. The Court will not speculate as to what other statutory provisions may or may not apply in this

[5] Citing 8 U.S.C. § 1101(a)(47)(B), Petitioner argues his detention is governed by § 1231 because his order of removal became final after the BIA issued its decision on Petitioner's appeal.  (Dkt. No. 19 at 2.)  However, § 1101(a)(47)(B) dictates when an order of removal becomes final for purposes of *seeking judicial review*, not for effectuating removal.  *See Abdisalan v. Holder*, 774 F.3d 517, 521–522 (9th Cir. 2014), *as amended* (Jan. 6, 2015).

[6] Because Petitioner is not currently detained under § 1231(a), the Court denies Petitioner's claim that Respondents failed to follow 8 C.F.R. §§ 241.13 and 241.4.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 12.) - 6

matter.  Petitioner fails to carry his burden of proving that he is being held contrary to law.[7,8]

Therefore, the Court DENIES the petition for writ of habeas corpus.  (Dkt. No. 12.)

The Clerk is directed to close the case and enter judgment.

Dated this 11th day of March, 2026.

David G. Estudillo
United States District Judge

[7] Petitioner argues that Respondents violated his substantive due process rights because his detention is "punitive and medically dangerous."  (Dkt. No. 12 at 10.)  However, Petitioner provides no medical expert testimony as to whether his detention is punitive as to rise to the level of a Fifth Amendment violation.  Therefore, the Court denies this claim.

[8] Petitioner argues the "Executive Branch has exceeded its constitutional authority and encroached upon the exclusive role of article III courts."  (Dkt. No. 12 at 19–20.)  Petitioner does not explain how this cause of action, if true, would provide him a basis for relief.